UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-00597-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

                Plaintiff,

v.

HUMBERTO RODRIGUEZ,

                Defendant.

_____/

REPORT RECOMMENDING DENYING DEFENDANT'S
MOTION TO PROCEED IN FORMA PAUPERIS
ON  APPEAL

       Presently pending before the Court is Defendant Humberto Rodriguez's pro se

Motion for Permission to Appeal in Forma Pauperis (DE # 1836) related to the appeal of

the Order denying Defendant's Motion to Reduce Sentence (DE # 1831). This matter has

been referred to the undersigned Magistrate Judge (DE # 1837). For the following

reasons, the undersigned recommends that the Defendant's Motion to Proceed in Forma

Pauperis be DENIED and the trial court certify in writing that the appeal is not taken in

good faith.[1]

      I.     BACKGROUND

       Defendant Humberto Rodriguez (Defendant) was indicted along with several other

defendants for conspiracy to possess cocaine, in violation of 21 U.S.C. § 846; and, for

possessing cocaine with intent to distribute, in violation of  21 U.S.C. § 841(a)(1) (DE

---

      [1] The undersigned Magistrate Judge has treated this motion as a case-dispositive motion since, although there is no precedent in the Eleventh Circuit, every Circuit Court of Appeals which has considered the issue has ruled that the denial of such a motion is case dispositive, although granting the motion is not. *See, e.g., Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990); *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988). In addition, 28 U.S.C. § 1915(a)(3) requires that the <u>trial court</u> certify in writing that an appeal is not taken in good faith. (emphasis added).

#416).[2]  Defendant was convicted of the aforementioned charges on March 30, 1995 and sentenced to 262 months in prison (DE # 1109). Defendant appealed his conviction and sentence (DE # 1119), both of which were affirmed by the Eleventh Circuit Court of Appeals (DE # 1673).

On December 5, 2005, Defendant Rodriguez filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was assigned Case No. 05-23136-CIV-MOORE (DE # 1773).  He challenged his sentence on the ground that it was imposed in violation of the requirements set forth in *United States v. Booker*, 543 U.S. 220 (2005).  This claim was denied by the District Court on April 27, 2006, on the grounds that it was time-barred (05-23136-CIV-MOORE: DE # 10).

On March 26, 2009, Defendant filed a Motion for Modification or Reduction of Sentence because of Sentencing Amendment and Pursuant to 18 U.S.C. § 3553(B), ("Motion to Reduce Sentence")(DE # 1829), which was denied by the district court (DE # 1831). Defendant filed a Notice of Appeal of the denial of his Motion to Reduce Sentence (DE # 1832, 1833) and has requested leave to proceed in forma pauperis on appeal, which is currently pending before this court (DE # 1836). [3]

In his Motion to Reduce Sentence, Defendant asserted that his sentence was

---

[2] Defendant was also charged in two other counts with possession with intent to distribute cocaine on other dates for which he was acquitted (DE # 1109).

[3] Although Defendant labeled his motion to the district court as a Motion for Modification or Reduction of Sentence because of Sentencing Amendment and pursuant to 18 U.S.C. § 3553(B), the undersigned notes that in his Notice of Appeal from the denial of that motion, the Defendant referred to the motion as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (DE # 1832).  In addition, in his Motion, the Defendant did not present any argument related to an amendment in the Sentencing Guidelines, and thus did not present such issue to the district court.  Thus, this Report and Recommendation is limited to the issues specifically raised and argued by the Defendant in his Motion to Reduce Sentence (DE # 1829).

2

improperly enhanced for possession of a firearm by his co-defendant, Jorge Lopez, in furtherance of a drug trafficking crime (DE # 1829).[4]  Defendant argued that the enhancement was improper because he could not reasonably foresee that Lopez, a detective with the Miami Police department, possessed his firearm in furtherance of the conspiracy because he was not with the detective when the detective participated in the conspiracy, the detective participated in the conspiracy while on and off-duty, and the detective was required to carry his firearm by virtue of his position as a detective (DE # 1829 at 2-3).

II.    **LEGAL STANDARD**

The guidelines for proceeding in forma pauperis are set forth in 28 U.S.C. § 1915. Pursuant to that statute, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). A prisoner files an appeal in good faith if the basis for the appeal is not frivolous. *United States v. Alvarez*, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007), *citing Coppedge v. United States*, 369 U.S. 438 (1962).  An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  Defendant's Motion to Proceed In Forma Pauperis in the case at bar is frivolous because the Defendant failed to identify a

---

[4]  Although Defendant claims in his motion that "he was enhanced with a 924(c)," (DE # 1829 at 2); and, that the "court should reverse the conviction U.S.C. 924(c) and make the necessary adjustment on the guidelines by taking the 2 points that he was enhanced with at the sentencing hearing," (DE # 1829 at 4); it is clear that Defendant was not convicted for violating 18 U.S.C. § 924(c), which makes it a separate federal offense to use or carry a firearm during a drug trafficking offense, and therefore the issue of whether this "conviction" should be reversed is not further addressed.

3

basis for this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c); assuming

that the motion could be treated as a Motion to Vacate his sentence under 28 U.S.C. §

2255, the Court is without jurisdiction to entertain it since it is time-barred, as well as a

successive motion; and, even if the Court had jurisdiction to grant the relief requested,

any appeal regarding the enhancement of the Defendant's sentence lacks substantive

merit.

     III.    <u>ANALYSIS</u>

     A.    <u>No Basis for Relief under 18 U.S.C. § 3582</u>

     The authority of a District Court to reduce a sentence is governed by Title 18,

United States Code, Section 3582(c).  By its terms, § 3582 authorizes the reduction of a

sentence only in three circumstances: (1) upon motion of the Director of the Bureau of

Prisons, (2) as otherwise permitted by statute or under Rule 35 of the Federal Rules of

Criminal Procedure, and (3) where there is a retroactive reduction in the applicable

guideline range.[5]  Other than the above three circumstances, the Court has no "inherent

---

[5] Title 18, United States Code, Section 3582(c) provides, in pertinent part:

    **(c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that–**

        **(1)    in any case–**

        **(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment .... if it finds that –**

            **(i) extraordinary and compelling reasons warrant such a reduction, or**

            **(ii) the defendant is at least 70 years of age, has served at least 30 years in prison ....;**

authority" to correct a sentence, even if it believes that the sentence imposed was illegal. *United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002) (District Judge's jurisdiction to alter a sentence was limited to the provisions of 28 U.S.C. § 2255, Rule 35 or express provisions of 18 U.S.C. § 3582(c), and if these avenues were not applicable, there was no "inherent authority" to correct a perceived error in the application of the sentencing guidelines) .

In this matter, the Defendant has not identified any of the circumstances set forth in § 3582(c) that would allow this court to reduce his sentence; and, even reading the motion with the most liberal interpretation in favor of the pro se Defendant, none are discernable to the undersigned Magistrate Judge.

B.    No Jurisdiction to Consider the Motion if Construed as a Motion to Vacate pursuant to § 2255

Similarly, assuming that Defendant Rodriguez seeks to have the Court treat his

---

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

Motion as a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, this Court is without jurisdiction to do so.[6]  Mr. Rodriguez filed a previous motion to vacate pursuant to § 2255, which was denied by the District Court on the ground that it was time-barred (Case No., 05-23136-CIV-Moore (S.D. Fla.) DE # 10).  For the same reasons, the present motion would be time-barred.  In addition, the Motion is procedurally barred as a successive motion which requires Mr. Rodriguez to obtain approval from the Eleventh Circuit as required by 28 U.S.C. §§ 2255(h) and 2244 prior to filing the instant motion. Without obtaining such permission, this court is without jurisdiction to entertain another § 2255 motion. See *United States v. Tape*, 2007 WL 2298188 at *2 (11th Cir. Aug. 13, 2007) (treating a motion to vacate, filed after a previous motion to vacate was denied as time-barred, as an impermissible successive motion); *United States v. Williamson*, 140 Fed. Appx. 937 (11th Cir. Aug. 15, 2005) (same); *Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (same); *Altman v. Benik*, 337 F. 3d 764, 766 (7th Cir. 2003) (same in § 2254 context). *But cf. McIver v. United States*, 307 F.3d 1327, 1330 (11th Cir. 2002) (citing cases where successive motion restrictions did not apply if resolution of prior motion did not address merits of claim).

### C.    Defendant's Motion to Reduce Sentence is Frivolous

Even assuming, however, that this Court had jurisdiction to reduce Defendant's sentence, Defendant's Motion for Permission to Proceed in forma pauperis on appeal should be denied because it is frivolous on the merits.  First, in the Motion to Reduce

---

[6]  The undersigned recognizes that in *Castro v. United States*, 540 U.S. 375, 383 (2003), the United States Supreme Court held that a District Court is not permitted to recharacterize a motion as a § 2255 motion without notifying the pro se litigant of this intention and warning him of the consequences.  In the case at bar, the undersigned is not recharacterizing the motion as such because it would be futile to do so due to lack of jurisdiction; but is merely examining the motion to determine whether recharacterization would be an appropriate possibility.

Sentence, Defendant Rodriguez stated, *inter alia*, "the defendant could not have any knowledge or could not foresee when his friend, the detective was in possession of his weapon, or was committing any criminal activities when he was on duty or off duty, when he (sic) the defendant wasn't around."  The Defendant further argued that it was unforeseeable to the defendant that the service firearm was being used in connection with illegal activities.

These arguments are nearly identical to those previously raised by the Defendant and squarely addressed by the Eleventh Circuit in the direct appeal by the Defendant and his co-conspirators. *United States v. Novaton*, 271 F.3d 968, 1013 (11th Cir. 2001), *rehearing and rehearing en banc denied* 33 Fed. Appx. 996 (2002), *cert denied* 535 U.S. 1120 (2002).[7]  Specifically, in its opinion on Defendant's direct appeal, the Eleventh Circuit flatly rejected the Defendant's argument that it was not reasonably foreseeable that one of the co-conspirator's (Lopez) possession of a firearm was in furtherance of the conspiracy because Lopez, a police officer, was required to carry his firearm. *Novaton*, 271 F.3d at 1013-15.  The Appellate Court concluded that there was evidence in the record that Lopez, while armed, furthered the drug trafficking conspiracy by providing protection for and escorting co-conspirators while they were transporting drugs or drug proceeds. The Court held that in light of that evidence, it was certainly reasonable for the jury to conclude that Lopez used his weapon, albeit a police-issued service firearm, "in relation to" the drug conspiracy for facilitating, the co-conspirators' drug trafficking.  The Court held that for those same reasons, it would reject the Defendant's argument that it was inappropriate to enhance the defendant's base offense

---

[7]Defendant's case on direct appeal was part of the case *United States v. Novaton*, which encompassed the claims of all defendant's in the underlying drug trafficking conspiracy. 271 F.3d 968 (11th Cir. 2001).

level under the sentencing guidelines because it was not foreseeable that Lopez was in possession of the firearm was in furtherance of that conspiracy. *Id.* (citing to the reasoning in *United States v. Audain*, 254 F.3d 1286, 1290 (11th Cir. 2001), wherein the court held that it was not clearly improbable that an INS agent's possession of his firearm was relevant to the drug conspiracy for purposes of a firearm enhancement).

In addition, on the Defendant's direct appeal, the Appellate Court next examined whether the trial court's failure to make specific factual findings regarding the foreseeability that the co-conspirator would possess a firearm during the conspiracy constituted error.[8]  However, the reviewing Court noted that only Defendant Rosell had raised that issue before the trial court, and specifically stated that "a review of the transcript reveals that [Rodriguez's] objection only concerned the foreseeability that Lopez's weapon was possessed or used in furtherance of the conspiracy, and not the foreseeability that Lopez possessed a weapon in the first place." *Id.* at 1014 n.14. Because the Defendant failed to raise the argument at the trial level, the reviewing court applied the plain error standard to this argument.  The Court concluded that the Defendants were unable to demonstrate plain error because they could not show that their substantial rights were affected by the lack of a specific finding by the trial court because the defendants, in essence, acknowledged that they had knowledge of the firearm by arguing that they could not foresee that the firearm would be used in furtherance of the conspiracy.  *Id.* at 1014-15.

Therefore, the arguments currently raised in the Motion for Reduction of Sentence

---

[8] In the Motion to Reduce Sentence currently at issue, the Defendant did not raise the issue of whether the district court erred by failing to make a specific finding of fact on this issue, but rather only raised whether it was foreseeable that the co-conspirator possessed a weapon.

have already been examined and rejected by the Eleventh Circuit and thus, "it appears that the [Defendant] has little to no chance of success" on appeal and therefore is not entitled to proceed *in forma pauperis* in this matter.

Second, even if the arguments raised in Defendant's Motion to Reduce Sentence had not previously been addressed and rejected by the Eleventh Circuit, the Defendant still would not be entitled to proceed *in forma pauperis* as it appears objectively that the appeal cannot succeed as a matter of law.

The United States Sentencing Guidelines advise that a defendant who possesses a firearm or other dangerous weapon while committing a drug trafficking crime should receive a sentence enhancement of two levels pursuant to U.S.S.G. § 2D1.1 unless it was "clearly improbable" that the possession of the firearm was in furtherance of the drug trafficking crime. *United States v. Stallings*, 463 .3d 1218, 1220 (11th Cir. 2006). The Eleventh Circuit has held that a defendant can receive this sentence enhancement even if they did not possess a firearm in furtherance of a drug trafficking crime if "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of the possession, and (4) the co-conspirator's possession was reasonably foreseeable by the defendant." *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999). Furthermore, other circuits are in agreement that a defendant can receive a Federal Sentencing Guideline firearm enhancement if it was reasonably foreseeable that a co-conspirator would possess a firearm in furtherance of the conspiracy. *See e.g.*, *United States v. Ward*, 506 F.3d 468, 474-76 (6th Cir. 2007); *United States v. Mendoza*, 341 F.3d 687, 694-95 (8th Cir. 2003); *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004).

In this matter, in Defendant's Motion to Reduce Sentence, Defendant seemingly

9

challenges the fourth prong of *Gallo*, whether the co-conspirator's possession was reasonably foreseeable by the defendant.  In so doing however, the Defendant states that he just assumed that his co-conspirator had his gun in reach because the co-conspirator was a Detective and had the license to carry such weapon at all times, and further states, that he was a close friend of the co-conspirator officer and knew that the officer carried his service firearm on and off duty  (DE # 1829 at 3).  Thus, under these circumstances as described by Defendant Rodriguez, the Defendant's argument that it was not foreseeable that his co-conspirator was in possession of the firearm is clearly frivolous, as he unequivocally states that he believed that the co-conspirator possessed a firearm.  Accordingly, pursuant to the Eleventh Circuit's holding in *Gallo*, there simply is no basis in law or fact for Defendant's argument as it is uncontested that the co-conspirator's possession of the firearm was reasonably foreseeable to the Defendant.

Finally, to the extent that the Defendant maintained in other proceedings in this case that he had no knowledge of Lopez's firearm, a recent unpublished opinion from the Eleventh Circuit stated the following,

> As to the reasonable foreseeability of the firearms' possession, we have noted that "numerous cases have recognized that guns are a tool of the drug trade. There is a frequent and overpowering connection between the use of firearms and narcotics traffic." *United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir.2006) (citing *United States v. Cruz*, 805 F.2d 1464, 1474 (11th Cir.1986)). For this reason, we have found it reasonably foreseeable that a co-conspirator would possess a firearm where the conspiracy involved trafficking in lucrative and illegal drugs. See *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir.2005); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1506 (11th Cir.1993) (holding that it was reasonably foreseeable that one co-conspirator would possess a firearm while transporting 13 kilograms of cocaine). We have further upheld application of the § 2D1.1(b)(1) enhancement even where a defendant claims he was actually unaware of the firearm possession. *United States v. Martinez*, 924 F.2d 209, 210 (11th Cir.1991).

*United States v. Plummer*, 2009 WL 1564135 *4 (11th Cir. June 5, 2009).  Thus, it is clear

10

the Defendant is not entitled to relief under the law of this circuit.

Accordingly, for the reasons listed above, the undersigned finds that Defendant's appeal is not made in good faith.

IV.     <u>CONCLUSION</u>

Based upon a review of the record as a whole, and the foregoing analysis, it is hereby

**RECOMMENDED** that Defendant's Motion for Permission to Appeal in Forma Pauperis (DE # 1836) be **DENIED**, and the trial court certify in writing that the appeal is not taken in good faith.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on September 3, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore,  United States District Judge
Humberto Rodriguez, Reg. # 09550-004
CI EDEN
CORRECTIONAL INSTITUTION
P.O. Box, 605
Eden, Texas, 76837-0605